UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MARCUS BLUE,

        Plaintiff,

-against-

THE CITY OF NEW YORK,
POLICE OFFICER PHILIP TUCCIARONE Shield #19414,
TRAFFIC AGENT ASHIM DAS T-301,

        Defendants.
---------------------------------------------------------------X

JUDGE LYNCH

COMPLAINT

Case No.: 07 CIV 6471



RECEIVED JUL 17 2007 U.S.D.C. S.D. N.Y. CASHIERS

PLAINTIFF MARCUS BLUE, by his attorney DAVID A. ZELMAN, Esq., for his

COMPLAINT, allege upon information and belief, as follows:

I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which PLAINTIFF MARCUS BLUE (hereinafter "BLUE") seeks damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about December 21, 2006 at approximately 6:00 P.M., at or near Ashland Place between Lafayette Street and Fulton Street, Brooklyn, BLUE was falsely arrested by Defendants including, but not limited to, POLICE OFFICER PHILIP TUCCIARONE Shield #19414. It is alleged that Defendants maliciously prosecuted BLUE in violation of his constitutional rights. While in custody BLUE was unlawfully detained for approximately thirty (30) hours. All charges against BLUE were eventually dismissed. As a result of the above, BLUE

suffered physical injuries, mental injuries, humiliation, shame, damage to reputation, lost wages, and future earnings.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. BLUE at all times resided at 191 Willoughby Street, Apartment 5L, Brooklyn, NY 11210

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER PHILIP TUCCIARONE Shield #19414 (hereinafter "TUCCIARONE") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6. Defendant TRAFFIC AGENT ASHIM DAS T-301 (hereinafter "DAS") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

7. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

8. On or about December 21, 2006 at approximately 6:00 P.M., at or near Ashland Place between Lafayette Street and Fulton Street, Brooklyn, BLUE was attempting to find a parking spot. BLUE found a parking spot and was waiting to pull in when Defendants approached BLUE and knocked loudly on his window.

9. Defendant DAS told BLUE that he could not wait for the spot to free up and BLUE responded by stating that he had spoken to the people in the spot and had been informed that they would be moving shortly. DAS became belligerent and started yelling at BLUE.

10. TUCCIARONE arrived at the scene and arrested BLUE. BLUE was taken to the 88th Precinct where he was held for approximately three hours. As a result of being handcuffed too tightly, BLUE sustained injury to his wrists, hands and thumb.

11. BLUE was then transferred to Central Bookings where he was held for approximately 27 hours. BLUE was then released on his own recognizance after approximately 30 hours in custody.

12. BLUE returned to court on two occasions regarding the above matter. On April 2, 2007 all charges were dismissed.

13. Due to BLUE's arrest and subsequent court dates, BLUE lost one day of work and was required to inform his employer of his arrest. BLUE's employer is the City of New York.

14. That heretofore and on the 16th day of May, 2007, BLUE's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of BLUE, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

15. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### V. FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

16. Paragraphs 1 through 15 of this complaint are hereby realleged and incorporated by reference herein.

17. That Defendants had neither valid evidence for the arrest of BLUE nor legal cause or excuse to seize and detain him for approximately three days.

18. That in detaining BLUE for approximately three days, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

19. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

20. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

21. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of BLUE's rights alleged herein.

22. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of BLUE's rights, subjected BLUE to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

23. By reason of the foregoing, BLUE suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

24. Paragraphs 1 through 23 are hereby realleged and incorporated by reference herein.

25. That the incident that resulted from the intentional application of physical force by

Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

26. That Defendants had no legal cause or reason to use excessive force in effectuating BLUE's arrest.

27. That Defendants violated BLUE's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

28. That at the time of the arrest, BLUE did not pose a threat to the safety of the arresting officers.

29. That BLUE was not actively resisting arrest or attempting to evade arrest.

30. That defendant CITY, through its officers, agents, and employees, unlawfully subjected BLUE to excessive force while effectuating his arrest.

31. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

32. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of BLUE's rights, subjected BLUE to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

33. That upon information and belief, in 2006, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

34. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional

violations on the part of their officers, staff, agents and employees.

35. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

36. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of BLUE's rights alleged herein.

37. By reason of the foregoing, BLUE suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

38. Paragraphs 1 through 37 are hereby realleged and incorporated by reference herein.

39. That Defendants with malicious intent, arrested BLUE and initiated a criminal proceeding despite the knowledge that BLUE had committed no crime.

40. That the criminal matter against BLUE was terminated in his favor and the court dismissed all charges against him.

41. That there was no probable cause for the arrest and criminal proceeding.

42. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of

Constitution. [illegible] BLUE of his liberty when they maliciously prosecuted him

43. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, BLUE was maliciously prosecuted despite the fact that he had committed no violation of the law.

44. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

45. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

46. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of BLUE's rights alleged herein.

47. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

48. That upon information and belief, in 2006, defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods.

49. That by reason of the foregoing, BLUE suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

50. Paragraphs 1 through 49 are hereby realleged and incorporated by reference herein.

51. That Defendants acted with malicious intent, arrested BLUE and initiated a criminal proceeding despite the knowledge that BLUE had committed no crime.

52. That the criminal matter was dismissed in BLUE's favor.

53. That there was no probable cause for the arrest and criminal proceeding.

54. Defendants knew or should have known that there was no likelihood of a conviction of BLUE.

55. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of BLUE's rights, deprived BLUE of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

56. That by reason of the foregoing, BLUE suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

58. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

59. That at all times Defendants were acting within the scope of their employment.

60. That Defendant CITY was able to exercise control over Defendants activities.

61. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior.

62. By reason of the foregoing, BLUE suffered physical injury, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, BLUE has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, BLUE respectfully requests that judgment be entered:

1. Awarding BLUE compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding BLUE punitive damages in an amount to be determined by a jury;

    3.    Awarding BLUE interest from December 21, 2006; and

    4.    Awarding BLUE reasonable attorney's fees pursuant to 42 USC §1988; and

    5.    Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
July 16, 2007

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
MARCUS BLUE,

        Plaintiff,                                     **COMPLAINT**

  -against-                                         Case No.:

THE CITY OF NEW YORK,
POLICE OFFICER PHILIP TUCCIARONE Shield #19414,
TRAFFIC AGENT ASHIM DAS T-301,

        Defendants.
_____X

---

**COMPLAINT**

---

DAVID A. ZELMAN (DZ8578)
ATTORNEY FOR PLAINTIFF
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072