UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

MARCUS BLUE,

                Plaintiff,                          Case #: 07 CV 6471

                                                                     **Notice of Motion**

    -against-

THE CITY OF NEW YORK, POLICE OFFICER PHILIP
TUCCIARONE Shield #19414, TRAFFIC AGENT ASHIM
DAS T-301,

                Defendants.
_____X

       PLEASE TAKE NOTICE, that the within Plaintiff, MARCUS BLUE , hereby moves this Court to strike the Answer of Defendant City of New York and officer defendants and/or preclude defendant from offering testimony or documents at trial, and for such other and further relief as this Court may deem just and proper.

DATED:      Brooklyn, New York
                  May 21, 2008

                                                      Respectfully Submitted:

                                                        **LAW OFFICE OF DAVID A. ZELMAN**

                                                        _____
                                                        **David A. Zelman, Esq.**
                                                        612 Eastern Parkway
                                                        Brooklyn, New York 11225
                                                        (718) 604-3072

_Via fax:212 788 9776_
DAVID POLLACK, ESQ.
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

MARCUS BLUE,

        Plaintiff,                                 Case #: 07 CV 6471

**AFFIRMATION IN SUPPORT**

-against-

THE CITY OF NEW YORK, POLICE OFFICER PHILIP TUCCIARONE Shield #19414, TRAFFIC AGENT ASHIM DAS T-301,

        Defendants.
_____X

    DAVID A. ZELMAN, Esq., an attorney duly licensed to practice law before the Southern District of New York, being duly sworn deposes and says, upon information and belief, as follows:

1.    I am the attorney for the within plaintiff, and as such I am fully familiar with all the facts and circumstances of this case. This is a civil rights action in which the plaintiff, Mr. Marcus Blue seeks redress, pursuant to State law and 42 U.S.C. Section 1983, 1988 for an unlawful arrest a thirty hour detention and a prosecution which resulted in a dismissal. Plaintiff brings causes of action sounding in false arrest, excessive force and malicious prosecution.

2.    I submit this affirmation in support of plaintiff's motion to strike the Answer of

1

       defendants City of New York and officer defendants and/or preclude defendant from offering testimony or documents at trial.

3. Defendant has failed to timely provide discovery in this matter. The parties submitted a joint letter on March 25, 2008 requesting an extension so that City of New York and officer defendants could provide outstanding discovery. For example, as of March 25, 2008 defendants had not yet produced a response to plaintiff's Document Demands served in October of 2007. Nor had defendants produced the names of several witnesses to the incident, produced disciplinary records of the arresting officer, 911 tapes, memo book records or even the identity of the arresting officer's supervisor. Defense counsel orally agreed to produce all of these records and memorialzed that agreement in the March 25, 2008 letter to your Honor. However defendants have failed to produce *any records* in this action to plaintiff's counsel since the aforementioned Court endorsed March 25, 2008 letter. Nor have defendants sought an extension of time to respond to discovery demands or even explained the failure to provide discovery prior to the Court imposed May 31, 2008 final discovery deadline. The May 25, 2008 letter is annexed hereto as Exhibit "A".

4. Plaintiff's counsel contacted defense counsel via fax on May 13, 2008 and detailed several categories of discovery which had not yet been produced. Defense counsel has provided no written response to the May 13, 2008 letter to date. If defendant were to provide the discovery at this point, only days prior to

the May 31, 2008 plaintiff would be prejudiced. Plaintiff would have an extremely limited amount of time in which to review the discovery and take any necessary actions such as relevant depositions or seek other discovery. This is particularly true in light of the upcoming Memorial Day weekend. The May 13, 2008 letter is annexed hereto as Exhibit "B".

5. Many Courts which discuss the ramifications of failing to provide discovery turn to the willfulness or lack thereof by the party failing to produce discovery. Defendant's willfulness in failing to provide discovery can be inferred from the fact that since the March 25, 2008 endorsed letter, defendant has not provided any discovery in this matter or communicated in any way regarding his inability to obtain the discovery. This is despite the fact that a fax was sent to him regarding this on May 13, 2008 and I reminded him of his discovery obligations orally on May 20, 2008.

6. Your Honor's attention is respectfully directed to Ocello v. City of New York, 2008 U.S. Dist. LEXIS 22336 (EDNY, 2008); Attard v. City of New York, 2008 U.S. Dist. LEXIS 36452 (EDNY, 2008); Wahhab v. City of New York, 2003 U.S. Dist. LEXIS 13871 (SDNY, 2003) for a discussion of the ramifications of a failure to provide discovery.

7. Therefore, in keeping with the Court's March 25, 2008 ruling of "No Further Extensions," the undersigned requests that the defendants' Answer be stricken for a pattern and history of failing to produce discovery in this matter and/or preclude defendant from offering testimony and/or documents at the trial of this action.

WHEREFORE, the undersigned requests that the foregoing motion be granted and requests such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
      May 21, 2008

                                        LAW OFFICE OF DAVID A. ZELMAN

                                        By: **David A. Zelman, Esq.**
                                        Attorney for MARCUS BLUE
                                        612 Eastern Parkway
                                        Brooklyn, New York 11225
                                        (718) 604-3072

*Via fax: 212 788 9776*
DAVID POLLACK, ESQ.
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007

**EXHIBIT A**

Case 1:07-cv-06471-GEL   Document 10   Filed 05/21/2008   Page 6 of 13

**Law Office of David A. Zelman, Esq.**
**612 Eastern Parkway**
**Brooklyn, NY 11225**
**(718) 604-3072**

Via Fax: 212 805 0436
Hon. Gerard E. Lynch
Daniel Patrick Moynihan Building
United States Courthouse
500 Pearl Street, Room 910
New York, New York 10007

March 25, 2008

Re: Marcus Blue v. City of New York
Case No.:   07 CV 6471

Dear Honorable Gerard E. Lynch:

    The parties write to advise your Honor of the status of discovery in this matter as well as indicate the items which remain outstanding and request an extension of discovery.

    Yesterday, the depositions of all the named parties to this action was taken and completed.

    A review of my file indicates that defendant City of New York as well as the officer defendants have not yet responded to Plaintiff's First Set of Document Demands which was served in October of 2007.  Despite that, plaintiff agreed to take the depositions of the officer defendants. However, since some documents were turned over by defense counsel, defense counsel has yet to respond to plaintiff's Monell demands.

    In addition, it appears from today's depositions that a 911 call may have been made in this action.  This office has twice demanded a copy of the text or audio recording of that call, however, to date, no response to our demands has been made. Defense counsel informed the undersigned today that he made a request for that 911 call transcript and was told by the NYPD that it does not exist. However the parties request additional time to determine whether or not a 911 call tape exists.

    The parties agreed shortly following Tucciarone's deposition that all CCRB and Internal Affairs records will be produced as soon as they are available to defense counsel. However, additional time is needed to secure these records by defense counsel.

    Officer Tucciarone testified that he has hand written notes of his conference with Officer Das which were stored at the 88 police precinct.  These notes were not produced in this matter and were demanded. Defense counsel is requesting time to investigate whether or not those notes still exist.

Additionally, both defense witnesses testified today that there were witnesses to this incident that, to date, had never been disclosed. First, the arresting officer testified that his supervisor arrived at the scene and instructed him to arrest the plaintiff. Until yesterday, this supervisor's name was not produced. This office may seek a deposition of the supervisor or may seek to add this supervisor as a defendant, however, this office has no documentation from that supervisor at this time. Before making a decision as to whether to depose the supervisor, the undersigned would like to have the opportunity to review the supervisor's memo book. Defense counsel is attempting to locate that as we write.

The traffic agent who testified today testified that other traffic agents appeared at the scene, albeit following the incident. The traffic agent stated at his deposition that he thinks he could discover the names of those persons. Until today, this office was not made aware that other traffic agents were at the scene of the arrest. Again, this office may seek to obtain affidavits from these witnesses, once their identities have been established. Defense counsel requires some time to confer with defendant Das to learn whether or not Das will be able to produce these persons' identities.

This office intends to disclose two expert witnesses in this matter. However, at present, this office is not in possession of the expert reports. The undersigned estimates that the expert reports will be available on or before April 15, 2008. The undersigned expects be out of the office from approximately April 15 through April 30 in observance of Passover. In order to allow defense counsel adequate time to review the expert reports and possibly retain his own experts, or depose plaintiff's experts the parties request additional time.

Therefore, counsel for the respective parties request that discovery be extended in this matter until May 30, 2008 and that a conference be held sometime in June of 2008. At this point, plaintiff does not feel that referral to a magistrate would be helpful in reaching a settlement and therefore will not consent to same. The discovery deadline is currently March 31, 2008 and was adjourned by the Court on one prior occasion.

Thank-you in advance for your consideration.

Very Truly Yours:

/S

David Zelman, Esq

TO:
Via Fax: 212 788 9776
David M. Pollack, Esq.
Assistant Corporation Counsel
100 Church Street
New York NY 10007

**David Zelman**

| | |
|---|---|
| From: | NYSD_ECF_Pool@nysd.uscourts.gov |
| Sent: | Thursday, March 27, 2008 2:04 PM |
| To: | deadmail@nysd.uscourts.gov |
| Subject: | [PROBABLY SPAM] Activity in Case 1:07-cv-06471-GEL Blue v. The City of New York et al Endorsed Letter |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

### United States District Court for the Southern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 3/27/2008 at 2:04 PM EDT and filed on 3/27/2008
**Case Name:**     Blue v. The City of New York et al
**Case Number:**     1:07-cv-6471
**Filer:**
**Document Number:** 9

**Docket Text:**
ENDORSED LETTER addressed to Judge Gerard E. Lynch from David Zelman dated 3/25/2008 re: Defendants Counsel for the respective parties request that discovery be extended in this matter until May 30, 2008 and that a conference be held on June 6, 2008 at 10:30 a.m. ENDORSEMENT: Granted. The parties will complete discovery by May 30, 2008. No further extensions will be granted. SO ORDERED. ( Discovery due by 5/30/2008, Status Conference set for 6/6/2008 at 10:30 AM before Judge Gerard E. Lynch.) (Signed by Judge Gerard E. Lynch on 3/26/2008) (jmi)

**1:07-cv-6471 Notice has been electronically mailed to:**

David A. Zelman   dzelman@civrtslaw.com

David Michael Pollack   dpollack@law.nyc.gov

**1:07-cv-6471 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a

1

**EXHIBIT B**

**Law Office of David A. Zelman, Esq.**
**612 Eastern Parkway**
**Brooklyn, NY 11225**
**(718) 604-3072**

Via Fax: 212 788 9776
David M. Pollack, Esq.
Assistant Corporation Counsel
100 Church Street
New York NY 10007

May 13, 2008

Re: Marcus Blue v. City of New York
Case No.:   07 CV 6471

Dear Mr. Pollack:

A review of my file indicates that your office has still not yet responded to Plaintiff's First Set of Document Demands.

In addition, 911 tapes were demanded in this action.  This office has twice demanded a copy of the text or audio recording of any 911 calls, however, to date, no response to our demands has been received.

The parties agreed shortly following Tucciarone's deposition that all CCRB and Internal Affairs records will be produced as soon as they are available to defense counsel. However, nothing has been produced responsive to that agreement.

Officer Tucciarone testified that he has hand written notes of his conference with Officer Das which were stored at the 88 police precinct.  These notes were not produced in this matter and were demanded.

Both defense witnesses testified that there were witnesses to this incident, who may have arrived after the incident but before the plaintiff's arrest. These witnesses, to date, have never been disclosed.

Please respond to these items as soon as possible to avoid motion practice.

Thank-you in advance for your consideration.

Very Truly Yours:

/s/

David Zelman, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

MARCUS BLUE,

                     Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER PHILIP
TUCCIARONE Shield #19414, TRAFFIC AGENT ASHIM
DAS T-301,

                     Defendants.
_____X

**AFFIRMATION OF MAILING**

CASE NO: 07 CV 6471

      Under the penalties of perjury and CPLR § 3126, I hereby affirm that on May 21, 2008 I served the within **Motion to Strike Answer of Defendants** on the person(s) listed below. Service was effectuated via first class mail by depositing said properly addressed envelope(s) into a U.S mailbox.

Dated:  Brooklyn, NY
          May 21, 2008

                                    LAW OFFICE OF DAVID A. ZELMAN

                                    By: David Zelman, Esq.
                                       Attorney for Plaintiff
                                       612 Eastern Parkway
                                       Brooklyn, NY, 11225

**To:**   David M. Pollack, Esq
        Assistant Corporation Counsel
        100 Church Street
        New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――X
MARCUS BLUE,

            Plaintiff,                                          Case #: 07 CV 6471

    -against-

THE CITY OF NEW YORK, POLICE OFFICER PHILIP
TUCCIARONE Shield #19414, TRAFFIC AGENT ASHIM
DAS T-301,

            Defendants.
―――――――――――――――――――――――――――X

―――――――――――――――――――――――――――

**NOTICE OF MOTION**

―――――――――――――――――――――――――――

DAVID A. ZELMAN (DZ8578)
ATTORNEY FOR PLAINTIFF
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072