UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――X
MARCUS BLUE,

        Plaintiff,                                Case #: 07 CV 6471

                                                            **AFFIRMATION IN**
                                                            **SUPPORT**

-against-

THE CITY OF NEW YORK, POLICE OFFICER PHILIP
TUCCIARONE Shield #19414, TRAFFIC AGENT ASHIM
DAS T-301,

        Defendants.
―――――――――――――――――――――――――――X

      DAVID A. ZELMAN, Esq., an attorney duly licensed to practice law before the Southern District of New York, being duly sworn deposes and says, upon information and belief, as follows:

1. I am the attorney for the within plaintiff, and as such I am fully familiar with all the facts and circumstances of this case. This is a civil rights action in which the plaintiff, Mr. Marcus Blue seeks redress, pursuant to State law and 42 U.S.C. Section 1983, 1988 for an unlawful arrest a thirty hour detention and a prosecution which resulted in a dismissal. Plaintiff brings causes of action sounding in false arrest, excessive force and malicious prosecution.

2. I submit this affirmation in support of plaintiff's motion to strike the Answer of

defendants City of New York and officer defendants and/or preclude defendant from offering testimony or documents at trial.

3. Defendant has failed to timely provide discovery in this matter. The parties submitted a joint letter on March 25, 2008 requesting an extension so that City of New York and officer defendants could provide outstanding discovery. For example, as of March 25, 2008 defendants had not yet produced a response to plaintiff's Document Demands served in October of 2007. Nor had defendants produced the names of several witnesses to the incident, produced disciplinary records of the arresting officer, 911 tapes, memo book records or even the identity of the arresting officer's supervisor. Defense counsel orally agreed to produce all of these records and memorialzed that agreement in the March 25, 2008 letter to your Honor. However defendants have failed to produce *any records* in this action to plaintiff's counsel since the aforementioned Court endorsed March 25, 2008 letter. Nor have defendants sought an extension of time to respond to discovery demands or even explained the failure to provide discovery prior to the Court imposed May 31, 2008 final discovery deadline. The May 25, 2008 letter is annexed hereto as Exhibit "A".

4. Plaintiff's counsel contacted defense counsel via fax on May 13, 2008 and detailed several categories of discovery which had not yet been produced. Defense counsel has provided no written response to the May 13, 2008 letter to date. If defendant were to provide the discovery at this point, only days prior to

the May 31, 2008 plaintiff would be prejudiced. Plaintiff would have an extremely limited amount of time in which to review the discovery and take any necessary actions such as relevant depositions or seek other discovery. This is particularly true in light of the upcoming Memorial Day weekend. The May 13, 2008 letter is annexed hereto as Exhibit "B".

5. Many Courts which discuss the ramifications of failing to provide discovery turn to the willfulness or lack thereof by the party failing to produce discovery. Defendant's willfulness in failing to provide discovery can be inferred from the fact that since the March 25, 2008 endorsed letter, defendant has not provided any discovery in this matter or communicated in any way regarding his inability to obtain the discovery. This is despite the fact that a fax was sent to him regarding this on May 13, 2008 and I reminded him of his discovery obligations orally on May 20, 2008.

6. Your Honor's attention is respectfully directed to Ocello v. City of New York, 2008 U.S. Dist. LEXIS 22336 (EDNY, 2008); Attard v. City of New York, 2008 U.S. Dist. LEXIS 36452 (EDNY, 2008); Wahhab v. City of New York, 2003 U.S. Dist. LEXIS 13871 (SDNY, 2003) for a discussion of the ramifications of a failure to provide discovery.

7. Therefore, in keeping with the Court's March 25, 2008 ruling of "No Further Extensions," the undersigned requests that the defendants' Answer be stricken for a pattern and history of failing to produce discovery in this matter and/or preclude defendant from offering testimony and/or documents at the trial of this action.

WHEREFORE, the undersigned requests that the foregoing motion be granted and requests such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
      May 21, 2008

                                                 LAW OFFICE OF DAVID A. ZELMAN

                                                 By: **David A. Zelman, Esq.**
                                                 Attorney for MARCUS BLUE
                                                 612 Eastern Parkway
                                                 Brooklyn, New York 11225
                                                 (718) 604-3072

*Via fax: 212 788 9776*
DAVID POLLACK, ESQ.
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007