**EXHIBIT A**

**Law Office of David A. Zelman, Esq.**
**612 Eastern Parkway**
**Brooklyn, NY 11225**
**(718) 604-3072**

Via Fax: 212 805 0436
Hon. Gerard E. Lynch
Daniel Patrick Moynihan Building
United States Courthouse
500 Pearl Street, Room 910
New York, New York 10007

March 25, 2008

**Re: Marcus Blue v. City of New York**
**Case No.:   07 CV 6471**

Dear Honorable Gerard E. Lynch:

    The parties write to advise your Honor of the status of discovery in this matter as well as indicate the items which remain outstanding and request an extension of discovery.

    Yesterday, the depositions of all the named parties to this action was taken and completed.

    A review of my file indicates that defendant City of New York as well as the officer defendants have not yet responded to Plaintiff's First Set of Document Demands which was served in October of 2007. Despite that, plaintiff agreed to take the depositions of the officer defendants. However, since some documents were turned over by defense counsel, defense counsel has yet to respond to plaintiff's Monell demands.

    In addition, it appears from today's depositions that a 911 call may have been made in this action. This office has twice demanded a copy of the text or audio recording of that call, however, to date, no response to our demands has been made. Defense counsel informed the undersigned today that he made a request for that 911 call transcript and was told by the NYPD that it does not exist. However the parties request additional time to determine whether or not a 911 call tape exists.

    The parties agreed shortly following Tucciarone's deposition that all CCRB and Internal Affairs records will be produced as soon as they are available to defense counsel. However, additional time is needed to secure these records by defense counsel.

    Officer Tucciarone testified that he has hand written notes of his conference with Officer Das which were stored at the 88 police precinct. These notes were not produced in this matter and were demanded. Defense counsel is requesting time to investigate whether or not those notes still exist.

Additionally, both defense witnesses testified today that there were witnesses to this incident that, to date, had never been disclosed. First, the arresting officer testified that his supervisor arrived at the scene and instructed him to arrest the plaintiff. Until yesterday, this supervisor's name was not produced. This office may seek a deposition of the supervisor or may seek to add this supervisor as a defendant, however, this office has no documentation from that supervisor at this time. Before making a decision as to whether to depose the supervisor, the undersigned would like to have the opportunity to review the supervisor's memo book. Defense counsel is attempting to locate that as we write.

The traffic agent who testified today testified that other traffic agents appeared at the scene, albeit following the incident. The traffic agent stated at his deposition that he thinks he could discover the names of those persons. Until today, this office was not made aware that other traffic agents were at the scene of the arrest. Again, this office may seek to obtain affidavits from these witnesses, once their identities have been established. Defense counsel requires some time to confer with defendant Das to learn whether or not Das will be able to produce these persons' identities.

This office intends to disclose two expert witnesses in this matter. However, at present, this office is not in possession of the expert reports. The undersigned estimates that the expert reports will be available on or before April 15, 2008. The undersigned expects be out of the office from approximately April 15 through April 30 in observance of Passover. In order to allow defense counsel adequate time to review the expert reports and possibly retain his own experts, or depose plaintiff's experts the parties request additional time.

Therefore, counsel for the respective parties request that discovery be extended in this matter until May 30, 2008 and that a conference be held sometime in June of 2008. At this point, plaintiff does not feel that referral to a magistrate would be helpful in reaching a settlement and therefore will not consent to same. The discovery deadline is currently March 31, 2008 and was adjourned by the Court on one prior occasion.

Thank-you in advance for your consideration.

Very Truly Yours:

/s/

David Zelman, Esq

TO:
Via Fax: 212 788 9776
David M. Pollack, Esq.
Assistant Corporation Counsel
100 Church Street
New York NY 10007

## David Zelman

| | |
|---|---|
| From: | NYSD_ECF_Pool@nysd.uscourts.gov |
| Sent: | Thursday, March 27, 2008 2:04 PM |
| To: | deadmail@nysd.uscourts.gov |
| Subject: | [PROBABLY SPAM] Activity in Case 1:07-cv-06471-GEL Blue v. The City of New York et al Endorsed Letter |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### United States District Court for the Southern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 3/27/2008 at 2:04 PM EDT and filed on 3/27/2008
**Case Name:** Blue v. The City of New York et al
**Case Number:** 1:07-cv-6471
**Filer:**
**Document Number:** 9

**Docket Text:**
**ENDORSED LETTER addressed to Judge Gerard E. Lynch from David Zelman dated 3/25/2008 re: Defendants Counsel for the respective parties request that discovery be extended in this matter until May 30, 2008 and that a conference be held on June 6, 2008 at 10:30 a.m. ENDORSEMENT: Granted. The parties will complete discovery by May 30, 2008. No further extensions will be granted. SO ORDERED. ( Discovery due by 5/30/2008, Status Conference set for 6/6/2008 at 10:30 AM before Judge Gerard E. Lynch.) (Signed by Judge Gerard E. Lynch on 3/26/2008) (jmi)**

**1:07-cv-6471 Notice has been electronically mailed to:**

David A. Zelman dzelman@civrtslaw.com

David Michael Pollack dpollack@law.nyc.gov

**1:07-cv-6471 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a

1