UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
MARCUS BLUE,                                :
                                            :
            Plaintiff,                      :
                                            :   07 Civ. 6471 (GEL)
    -against-                               :
                                            :   **ORDER**
THE CITY OF NEW YORK, et al.,               :
                                            :
            Defendants.                     :
                                            :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      In this case alleging false arrest and excessive force by officers of the New York City Police Department, the parties raise by letter a number of discovery issues. According to the case management order entered on September 5, 2007, discovery was originally scheduled to be competed by February 28, 2008. The parties sought and obtained an extension to March 31, 2008, then another to May 30. The last extension made clear that no further extensions would be granted. Nevertheless, following a conference on June 4, 2008, at which it became apparent that discovery still had not been completed, the Court entered an order resolving certain disputes between the parties, directing that discovery be completed by June 30, 2008, and settling a schedule for dispositive motions.

      By letter dated July 29, 2008 – nearly a month after the repeatedly-extended final discovery cutoff – plaintiff contends that defendants' production has been inadequate and seeks additional discovery. Plaintiff's requests are denied.

      1. In the Court's June 4 Order, defendants were directed to produce all records of the 911 call relating to the incident in question in this action. Defendants have certified that they have produced the only transcript of the only call they could find relating to the incident, and that, after a diligent search, neither the audio recording of that call (which in the normal course would have been destroyed 90 days after the incident) nor any record of any other call could be located. Plaintiff insists that there must be other records, arguing a discrepancy between the text of the call and an officer's recollection of the radio call he received directing him to the scene. Whatever the potential trial significance of any alleged inconsistencies, the officer's recollection of what he was told when dispatched to the scene manifestly does not compel the conclusion that there must have been a 911 call consistent with the officer's recollection. As defendants cannot be ordered to produce something that they have certified does not exist, plaintiff's request is denied.

2. Plaintiff next seeks all records of the City Civilian Complaint Review Board ("CCRB") relating to complaints against the arresting officer. According to the CCRB's records, only one complaint has been filed against the arresting officer, and that complaint relates to an incident that is not comparable to the alleged incident the subject of this lawsuit. Once again, plaintiff argues that testimony the officer's testimony is inconsistent with that result, and once again the argument is illogical: an officer's testimony that he was before the CCRB fewer than ten times does not compel a conclusion that more records exist than have been produced. The CCRB's report authoritatively states that only one complaint was ever filed against the officer, and the Court cannot compel the defendants to produce records of additional complaints that they have certified do not exist. To the extent that plaintiff seeks disclosure of all records relating to the CCRB complaint that did occur, the application is denied. The complaint involved an incident that occurred approximately ten years ago; the CCRB found the complaint's first allegation unfounded and the second unsubstantiated; and the underlying allegations were not similar to the ones in this case. For all these reasons, further discovery into this issue is unwarranted.[1]

3. Plaintiff makes various other requests. As those requests were not made before the close of discovery, they are denied as untimely. After numerous extensions of discovery, the Court addressed all issues that the parties presented at the conference on June 4, and granted a final extension of discovery until June 30 to permit those issues to be dealt with. It is far too late in the day to raise new issues, or to seek clarifications or revisions of rulings made in prior conferences that could have been addressed during the discovery period. The parties are advised to focus on either settling the case or preparing their dispositive motions, which remain due in accordance with this Court's order of June 4, 2008.

SO ORDERED.

Dated: New York, New York
       July 30, 2008

_____
GERARD E. LYNCH
United States District Judge

---

[1] At the conference, plaintiff's counsel contended that defense counsel had agreed in writing in March 2008 to provide those underlying records. If such a representation was in fact made, the Court expects defendants to abide by its agreement. Absent such a written representation, the Court denies the request for additional disclosures.